No. 37,004

H. J. SCHUETTE, MYRLE SCHUETTE, and FLOYD SCHUETTE, Copartners, doing business as SCHUETTE INDUSTRIAL MANUFACTURING COMPANY, *Appellees,* v. MILBURN M. ROSS, an Individual, doing business as ROSS ENGINEERING & EQUIPMENT COMPANY, *Appellant.*

(190 P. 2d 198)

Opinion filed March 6, 1948.

*Homer V. Gooing,* of Wichita, argued the cause, and *Howard T. Fleeson, Wayne Coulson, Paul R. Kitch, Manford Holly* and *Dale M. Stucky,* all of Wichita, were with him on the briefs for the appellant.

*C. H. Morris,* of Wichita, argued the cause, and *Lee Garrett,* of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: Plaintiffs instituted an action to recover a money judgment from the defendant and prevailed. Defendant appeals.

The petition, in substance, alleged: Plaintiffs are engaged in the

general tool and die design business; the defendant, Milburn M. Ross, does business as Ross Engineering and Equipment Company; on November 24, 1945, the defendant orally requested plaintiffs to make a written estimate of the cost of making dies for a "baby stand" or "heirstep"; plaintiffs furnished the written estimate of $2,200 on that day; no formal acceptance of the estimate was ever received from defendant; the defendant, however, furnished a model of the baby stand to plaintiffs and orally requested that plaintiffs proceed immediately with the preparation of the necessary tools and dies; on the same date it was agreed a written contract would be entered into when defendant furnished blueprints to plaintiffs; plaintiffs proceeded to furnish the material and perform the work as requested but defendant failed and refused to enter into the written contract; on December 26, 1945, defendant notified plaintiffs that he would not enter into a written contract and directed plaintiffs to cease work; a fair and reasonable charge for labor performed and' materials furnished was $914.09 as disclosed by an attached statement; plaintiffs demanded payment of that amount which defendant refused to make.

In his answer defendant denied materials were furnished and' labor had been performed and further, in substance, alleged: If any work was performed by plaintiffs it was performed pursuant to the terms of an express oral contract entered into by the parties shortly after December 1, 1945; that contract provided the work specified in plaintiffs' estimate should be furnished to defendant on or before January 15, 1946, for the total sum of $2,200; that on December 26, 1945, plaintiffs advised defendant's agent they would not perform the contract according to the terms thereof but that if they were required to complete the contract it would be necessary to increase the consideration and that it could not be performed until the 10th day of February, 1946; because of plaintiffs' breach of contract defendant notified plaintiffs he would not agree to any modification of the contract terms; thereupon plaintiffs offered to deliver to defendant the materials already completed by them for the sum of $850; defendant accepted that offer upon the condition he be permitted to inspect the condition of the materials and to verify plaintiffs' record of costs; plaintiffs agreed to permit such inspection to be made on December 27, 1945, at 9:00 a. m., but before that hour defendant was advised plaintiffs would not permit

the inspection; on January 3, 1946, defendant wrote plaintiffs' attorney that he would still pay $850 provided plaintiffs delivered the materials in question but defendant obtained no reply and has received no materials.

As part of the answer defendant in a cross petition sought damages from plaintiffs in the sum of $2,100 by reason of plaintiffs alleged breach of contract and defendant's alleged loss of profits. The cross petition and plaintiffs' answer thereto need not be pursued as defendant is not now urging a right to recover anything from plaintiffs.

Plaintiffs' reply consisted of a general denial of all new matters contained in the answer.

The jury returned a general verdict in favor of plaintiffs in the sum of $800.

Defendant appealed from the order overruling his general demurrer to plaintiffs' evidence and later perfected a supplemental appeal from the judgment and all adverse orders. In this court defendant does not contend the order overruling his demurrer constituted error. The appeal on that point is therefore deemed abandoned. He now contends the trial court erred in overruling (1) his motion for a directed verdict at the conclusion of the introduction of evidence; (2) his motion for judgment notwithstanding the verdict; and (3) his motion for a new trial.

We shall continue to refer to the parties as plaintiffs and defendant.

If there was evidence on which reasonable minds could reach different conclusions the motion for a directed verdict was properly overruled. Defendant's abandonment of the contention his demurrer to plaintiffs' evidence was improperly overruled indicates rather clearly that he does not believe plaintiffs' evidence was insufficient to take the case to the jury on their theory of the case. Assuming there was also evidence to establish defendant's theory of the case, it does not follow defendant was entitled to have his motion for a directed verdict sustained. An examination of the record discloses no error in that ruling.

Defendant's contention the court erred in overruling his motion for judgment notwithstanding the verdict brings into consideration a new factor, the instructions to the jury. On this point it is defendant's contention that under the instructions given, and not ob-

jected to by plaintiffs, the court was compelled to render judgment for the defendant notwithstanding the verdict of the jury.

This contention is based primarily on the instructions that plaintiffs were required to make an unqualified tender to defendant of the tools and dies; they were required to keep them available for delivery to defendant at any time; they did not make such a tender and all the tools and dies were not kept by plaintiffs so as to make them available to defendant at any time in the future.

From the pleadings it clearly appears the parties had contrary versions concerning their transaction. Both versions could not be entirely true. It was the province of the jury to determine every disputed fact including the substance of the original transaction or agreement. There were no special findings. The general verdict of the jury resolved all disputed facts in plaintiffs' favor. If there was evidence to support the verdict on plaintiffs' theory judgment cannot now be rendered in favor of the defendant.

Certain facts are not open to dispute. The first is: Defendant hired plaintiffs to start with the preparation of tools and dies for a "baby stand" or "heirstep" and plaintiffs, pursuant to defendant's direction, proceeded to do so at once. Next, the estimated cost of the work submitted by plaintiffs at defendant's request was $2,200 and on that estimate of costs the parties understood the work was to be completed by January 15, 1946.

Defendant either admitted or did not deny certain portions of plaintiffs' evidence as follows: Defendant was to make a down payment of fifty percent and he had not done so; plaintiffs later agreed to take fifty percent on the work they had in process; plaintiffs made repeated demands for payment on the account, were promised such payment would be made but defendant never made it; on December 15, 1945, defendant sent plaintiffs a check in the sum of $507.55 but stopped payment on it on the same date; defendant made various changes in the plans and specifications as the work progressed; after payment on the check was stopped trouble began between the parties which they attempted, without success, to compromise.

Plaintiffs' evidence, in substance, also disclosed: At the beginning of the transaction they informed defendant they could finish the work by January 15, 1946, if there were no changes and delays; defendant made various changes in the specifications and blueprints from time to time; defendant advised plaintiffs not to worry about

not being able to complete the work by January 15 and said to plaintiffs, "No, don't worry; we will help you out on that if you get too short"; by reason of the changes in the work in progress and because of additional dies which were required by defendant the plaintiffs did not promise the completion of any of the work prior to February 10, 1946, and told defendant the cost would be $2,600 instead of $2,200; plaintiffs had made repeated demands for payment on the total account but none was ever made; by reason of the various changes ordered by defendant none of the dies was completed, all were in a partial state of completion; in the latter part of December a dispute arose with regard to when the dies would be completed and what the price should be; it was then that the parties could not agree; plaintiffs then advised defendant he could have the uncompleted dies if he paid plaintiffs for the time and material they had invested in them; they endeavored to compromise and settle the matter; plaintiffs offered to take $850 in full settlement; defendant refused to accept the dies for the alleged reason that the price was too high.

In view of the evidence we think the tender by plaintiffs was sufficient. When the parties reached the parting of the ways defendant could have obtained the uncompleted dies for less than the down payment he admitted he agreed to make. The evidence concedes $1,100 had been due as a down payment. Under facts which the jury had a right to believe, plaintiffs were not obliged to surrender the tools and dies to defendant until defendant complied with his admitted obligation to make the down payment. The jury had a right to conclude the defendant refused to accept the uncompleted dies which were tendered to him for $850. There was evidence the fair and reasonable value of services performed and materials used by plaintiffs was $914.09. Under these circumstances we think plaintiffs were not obliged to keep the dies available for the defendant for all time to come. In any event they were not compelled to keep them available longer than a reasonable time after they were tendered to defendant.

This action was not tried until almost a year later. In our opinion the unqualified instruction with regard to plaintiffs' duty to keep the dies available for all time was too favorable to the defendant under the evidence in this case. The fact the jury found in favor of the plaintiffs notwithstanding such instructions does not entitle defendant to judgment in his favor now. Defendant cites no au-

thorities in support of his contention that he is entitled to judgment notwithstanding the verdict under the circumstances of this case and we know of none.

The general verdict implies the jury found: Defendant hired plaintiffs to do the work in question; plaintiffs performed; defendant breached the contract; the uncompleted dies were tendered to defendant for less than was due to plaintiffs at the time; defendant rejected the tender and having rejected the tender he could not complain that he had received no benefits from plaintiffs' performance.

Under these circumstances defendant could not escape liability for the fair and reasonable value of the materials and services. (*Wade v. Ford Motor Co.*, 151 Kan. 425, 99 P. 2d 775.) Whether plaintiffs might have recovered a larger sum on some other theory need not be determined in this action.

Defendant argues he agreed to pay $850 provided he be permitted to make an inspection of the materials and to verify plaintiffs' record of costs. That condition was no part of the contract under which plaintiffs were employed. It pertains to an unsuccessful attempt to compromise. Its materiality is not shown. No instruction was given on that subject and none was requested by defendant. Assuming its materiality defendant is not in position to complain concerning it now. In no event is he entitled to judgment by reason thereof.

Defendant next argues instruction No. 10 was erroneously given. It reads:

"If you find that the defendant breached the contract with the plaintiff and that the plaintiff had complied with all the terms of the contract up to the time of the breach and was ready, willing and able to complete the contract according to its terms, then your verdict should be for the plaintiff for whatever amount you find he is entitled to recover.

"But if you find that the plaintiff failed to carry out the terms of the contract or refused to do so, then the defendant would have a right to decline acceptance of a partial performance of the contract and make other arrangements for the services and material needed and your verdict should be for the defendant."

Defendant first argues plaintiffs' action was not founded on contract but was based solely on *quantum meruit* and the instruction was therefore improper. We cannot agree. We need not repeat the alleged oral agreement of hire and the alleged breach thereof. It was by reason of plaintiffs' alleged performance of the pleaded oral

contract and because of defendant's alleged breach thereof that plaintiffs sought to recover the fair and reasonable value of the materials and labor. An examination of all the instructions, which included the pleadings, discloses that such was the theory on which the court instructed with respect to plaintiffs' theory of the case.

Defendant objected to the same instruction on the ground it did not state the proper measure of damages. The instruction might well have been more specific on that subject. The first instruction advised the jury plaintiffs were seeking to recover for services and material. Another instruction which touched upon the subject, in substance, advised the jury that if defendant was liable he was bound to pay what the work was reasonably worth. Defendant did not object to those instructions. Defendant does not now contend the jury was actually misled by instruction No. 10. He only argues it might have been misled. The verdict of the jury was well within the range of testimony relative to the reasonable value of materials and labor. In view of the issues on the subject, as reflected by the pleadings, the evidence, all the instructions and the amount of the verdict we are satisfied the jury was not misled by reason of instruction No. 10.

We think the judgment should be affirmed. It is so ordered.